# UNITED STATES DISTRICT COURT

for the

Western District of Washington

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

Two (2) residences and two (2) vehicles, as more fully described in Attachment A.

)
)
)
)
)
)

Case No.    MJ21-5063

```
_____ FILED _____ LODGED
_____ RECEIVED

Mar 18, 2021

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY
```

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

Two (2) residences and two (2) vehicles, as more fully described in Attachment A, incorporated herein by reference.

located in the _____ Western _____ District of _____ Washington _____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution of, and Possession with Intent to Distribute, Controlled Substances |
| 21 U.S.C. § 841 & 846 | Conspiracy to Distribute Controlled Substances |

The application is based on these facts:

✓    See Affidavit of HSI Special Agent  Rory M. McPherson continued on the attached sheet.

☐    Delayed notice of _____ days (give exact ending date if more than 30 days: _____  is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented: ☑ by reliable electronic means; or: ☐ telephonically recorded.

_____
*Applicant's  signature*

Rory M McPherson, HSI Special Agent
*Printed name and title*

○ The foregoing affidavit was sworn to before me and signed in my presence, or
◉ The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date:    _____ 3/18/21 _____

_____
*Judge's signature*

City and state:   Tacoma, Washington

J. Richard Creatura, United States Magistrate Judge
*Printed name and title*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTACHMENT A**

**PROPERTY TO BE SEARCHED**

The areas to be searched includes all areas at that location where the Items to Be Seized, listed in Attachment B, could be found.

For physical locations, this includes all areas within and surrounding the primary residence/location, including all rooms, attics, crawlspaces, basements, storage areas, containers, surrounding grounds, garages, carports, trash areas/containers, outbuilding, patios, balconies, yards, secure locations (such as safes), vehicles located on or in the premises, and any persons located within said property or within the residence/location described below.

For vehicles to be searched, this includes all areas of the vehicle, all compartments, and all containers within that vehicle, whether locked or not.

Investigators conducting the search may seize only those devices and media which they have probable cause to believe may contain evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 841(a) and 18 U.S.C. § 2 that are currently being investigated.

ATTACHMENT A
Page - 1
USAO 2020R01188

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Residences

**Target Residence 1 (TR1):** A residence located at 4**619 111th St SW, Lakewood, WA 98499**. **TR1** is duplex residence in Lakewood, Washington. The door of the **TR1** is white and faces South.  There is a dividing fence off the back of the duplex that separates a small yard between the conjoined residences.



ATTACHMENT A
Page - 2
USAO 2020R01188

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   **Target Residence 2 (TR2):** A residence located at **4612 111th St. SW Unit #3,**

2   **Lakewood, WA 98499**.  **TR2** is a single-family residence in Lakewood, Washington

3   that is on a lot with two additional, unrelated residences.  **TR2** is red in color with a

4   white door that faces West.

5

6

7

8

9

10   

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**Vehicles**

**Target Vehicle 2 (TV2):** The vehicle to be searched is a **2005 white Chrysler 300, Washington State license BGL7445** registered to Erika Baza Mejia 10911 47th Ave SW, Lakewood, WA 98499.

**Target Vehicle 3 (TV3):** The vehicle to be searched is a **black Dodge Caliber, Washington State license plate BWB6372**.  **TV3** is registered to Juan Othon Garcia SOTO at 4619 111th St. SW, Lakewood, WA 98499.



ATTACHMENT A
Page - 4
USAO 2020R01188

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**ATTACHMENT B**

**(ITEMS TO BE SEARCHED AND SEIZED)**

This warrant authorizes the government to search for the following evidence, fruits, and/or instrumentalities of Distribution and/or Possession of Controlled Substances with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1), and Conspiracy to Distribute Controlled Substances in violation of Title 21, United States Code, Section 846:

1.     Controlled Substances and controlled substance analogues.

2.     Drug Paraphernalia and Instruments of Drug Trafficking: Items used, or to be used, to store, process, package, use, and/or distribute controlled substances; plastic bags, cutting agents, scales, measuring equipment, tape, hockey or duffel bags, chemicals or items used to test the purity and/or quality of controlled substances.

3.     Drug Transaction Records:  Documents such as ledgers, receipts, and notes relating to the acquisition, transportation, and distribution of controlled substances, however stored, including in digital devices.

4.     Customer and Supplier Information:  Items identifying drug customers and drug suppliers, such as telephone records, personal address books, correspondence, diaries, calendars, notes with phone numbers and names, "pay/owe sheets" with drug amounts and prices, and maps or directions.

5.     Cash and Financial Records:  Currency and financial records, such as bank records, safe deposit box records and keys, credit card records, bills, receipts, tax returns, and vehicle documents; records that show income and expenditures, net worth, money transfers, wire transmittals, negotiable instruments, bank drafts, and cashier's checks.

6.     Photographs/Video:  Photographs, video tapes, digital cameras, surveillance cameras, and associated hardware/storage devices depicting property occupants, friends and relatives of the property occupants, or suspected buyers or sellers of controlled substances, controlled substances or other contraband, weapons, and assets derived from the distribution of controlled substances.

7.     Weapons, including firearms, magazines, ammunition, and body armor.

8.     Codes:  Evidence of codes used in the distribution of controlled substances, such as passwords, code books, cypher or decryption keys.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

9.      Property Records:  Deeds, contracts, escrow documents, mortgage documents, rental documents, and other evidence relating to the purchase, ownership, rental, income, expenses, or control of the Target Residence, and similar records of other property owned or rented.

10.     Indicia of occupancy, residency, and/or ownership of assets such as utility and telephone bills, canceled envelopes, rental records or payment receipts, leases, and mortgage statements.

11.     Evidence of storage unit rental or access such as rental and payment records, keys and codes, pamphlets, contracts, contact information, directions, and passwords.

12.     Evidence of Personal Property Ownership:  Registration information, ownership documents, or other evidence of ownership of personal property such as vehicles, vessels, boats, airplanes, jet skis, all-terrain vehicles, RVs, and jewelry; evidence of international or domestic travel, hotel stays, and other evidence of unexplained wealth.

13.     Individual and business financial books, records, receipts, notes, ledgers, diaries, journals, and all records relating to income, profit, expenditures, or losses, such as:

   a.      Employment records:  paychecks or stubs, lists and accounts of employee payrolls, records of employment tax withholdings and contributions, dividends, stock certificates, and compensation to officers.

   b.      Savings accounts:  statements, ledger cards, deposit tickets, register records, wire transfer records, correspondence, and withdrawal slips.

   c.      Checking accounts:  statements, canceled checks, deposit tickets, credit/debit documents, wire transfer documents, correspondence, and register records.

   d.      Loan Accounts:  financial statements and loan applications for all loans applied for, notes, loan repayment records, and mortgage loan records.

   e.      Collection account statements and other-related records.

   f.      Certificates of deposit:  applications, purchase documents, and statements of accounts.

   g.      Credit card accounts:  credit cards, monthly statements, and receipts of use.

   h.      Receipts and records related to gambling wins and losses, or any other contest winnings.

   i.      Insurance:  policies, statements, bills, and claim-related documents.

   j.      Financial records:  profit and loss statements, financial statements, receipts, balance sheets, accounting work papers, any receipts showing purchases made,

ATTACHMENT B
Page 2 of 4
USAO 2019R01188

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

both business and personal, receipts showing charitable contributions, and income and expense ledgers.

14.     All bearer bonds, letters of credit, money drafts, money orders, cashier's checks, travelers checks, Treasury checks, bank checks, passbooks, bank drafts, money wrappers, stored value cards, and other forms of financial remuneration evidencing the obtaining, secreting, transfer, and/or concealment of assets and/or expenditures of money.

15.     All Western Union and/or Money Gram documents and other financial documents evidencing domestic or international wire transfers, money orders, official checks, cashier's checks, or other negotiable interests that can be purchased with cash, including applications, payment records, money orders, and frequent customer cards.

16.     Negotiable instruments, jewelry, precious metals, and financial instruments.

17.     Documents reflecting the source, receipt, transfer, control, ownership, and disposition of United States and/or foreign currency.

18.     Correspondence, papers, records, and any other items showing employment or lack of employment.

19.     Phone books, address books, any papers or documents reflecting names, addresses, telephone numbers, pager numbers, cellular telephone numbers, facsimile, and/or telex numbers, telephone records and bills relating to co-conspirators, sources of supply, customers, financial institutions, and other individuals or businesses with whom a financial relationship exists; telephone answering devices that record telephone conversations and the tapes therein for messages left for or by co-conspirators for the delivery or purchase of controlled substances or laundering of drug proceeds.

20.     Safes and locked storage containers, and the contents thereof which are otherwise described in this document.

21.     Tools that may be used to open hidden compartments in vehicles, such as paint, bonding agents, magnets, or other items that may be used to open/close said compartments.

22.     Digital computing devices, *e.g.*, desktop and laptop computers and table devices; digital storage devices, *e.g.,* external hard drives and USB thumb drives, and; optical and magnetic storage media, *e.g.,* Blue Ray discs, DVDs and CDs.

ATTACHMENT B
Page 3 of 4
USAO 2019R01188

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       23.     Pill press machine, encapsulating machine, and other tools or equipment

2 used to manufacture pills

3       24.     Cell Phones and other digital communication devices for evidence, fruits,

4 and/or instrumentalities of the above-referenced crimes, specifically:

5           a.     Assigned number and identifying telephone serial number (ESN,

6 MIN, IMSI, or IMEI);

7           b.     Stored list of recent received, sent, or missed calls;

8           c.     Stored contact information;

9           d.     Stored photographs and videos of narcotics, currency, financial

10 records (such as deposit slips and other bank records), RVs and other vehicles, firearms

or other weapons, evidence of the aforementioned crimes of investigation, and/or that

11 may show the user of the phone and/or coconspirators, including any embedded GPS

12 data associated with these photographs; and

13           e.     Stored text messages that are evidence of the above-listed federal

14 crimes or that may identify the user of the seized phones and/or coconspirators,

including messages sent via messaging apps, including Wickr, Signal, WhatsApp, and

15 Telegram, or other similar messaging services where the data is stored on the telephone

16

17

18

19

20

21

22

23

24

25

26

27

28

## AFFIDAVIT OF RORY M. MCPHERSON

STATE OF WASHINGTON )
                                        )    ss
COUNTY OF PIERCE )

I, Rory M. McPherson, being first duly sworn on oath, depose and say:

### INTRODUCTION AND AGENT BACKGROUND

1.    I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

2.    I am a Special Agent with Homeland Security Investigations (HSI), Department of Homeland Security, and have been so employed since September 2020. In that capacity, I investigate narcotics and bulk cash smuggling. I am currently assigned to the Seattle Field Division, Seattle Office. Prior to my employment with HSI, I was a Special Agent with the Social Security Administration, Office of the inspector General for two and a half years. Prior to that, I served honorably for seven years in the United States Army Special Operations Command where I achieved the rank of Staff Sergeant and received numerous medals for both service and valor in combat.

3.    My training and experience include, but is not limited to, the twelve-week Criminal Investigation Training Program at the Federal Law Enforcement Training Center (FLETC), a four-week Inspector General Investigator Training Program, and a two-week Covert Electronic Surveillance Program at the FLETC.

4.    During my law enforcement career, I have become familiar with investigations of drug trafficking organizations, methods of importation and exportation, distribution, and smuggling of controlled substances, and financial and money laundering investigations. I have participated in investigations involving organizations trafficking in controlled substances, including heroin, and such

1  investigations have resulted in the arrests of drug traffickers and seizures of controlled

2  substances. I have participated in the execution of drug search warrants and have

3  personally been involved in the seizure of controlled substances. Based on my training,

4  experience and conversations with other experienced narcotics investigators, I have

5  gained experience in the techniques and methods used by drug traffickers to distribute

6  controlled substances.

7       5.    The facts set forth in this affidavit arise from my personal and direct

8  participation in the investigation, my experience and training as an HSI Special Agent,

9  my conversations with witnesses and other law enforcement personnel participating in

10  this and related investigations, and my review of relevant documents and reports. I have

11  not included each and every fact known to me or other investigative personnel

12  concerning this investigation. My specialized training and experience in drug

13  investigations, as well as the assistance and input of experienced fellow investigators,

14  form a basis for my opinions and conclusions, which I drew from the facts set forth

15  herein.

16       **PURPOSE OF THIS AFFIDAVIT**

17       6.    I make this affidavit in support of an application for a warrant authorizing

18  the search of the following residence, which is further described below and in Attachment

19  A, and the following vehicles, for evidence, fruits, and instrumentalities, as further

20  described in Attachment B (attached hereto and incorporated by reference as if fully set

21  forth herein), of the crimes of Distribution and/or Possession of Controlled Substances

22  with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1), and Conspiracy to

23  Distribute Controlled Substances in violation of Title 21, United States Code, Section

24  846:

25       a.    **Target Residence 1** (**"TR1"**)**:** A residence located at 4619 111th St

26  SW, Lakewood, WA 98499.  **TR1** is duplex residence in Lakewood, Washington. The

27  door of the **TR1** is white and faces South.  There is a dividing fence off the back of the

28

duplex that separates a small yard between the conjoined residences. **TR1** is more particularly described in Attachment A.

        b.     **Target Residence 2** ("**TR2**"): A residence located at 4612 111th St. SW Unit #3, Lakewood, WA 98499. **TR2** is a single-family residence in Lakewood, Washington, that is on a lot with two additional, unrelated residences. **TR2** is red in color with a white door that faces West. **TR2** is more particularly described in Attachment A.

        c.     **Target Vehicle 2** ("**TV2**": A white Chrysler 300, Washington State license BGL7445, more particularly described in Attachment A.

        d.     **Target Vehicle 3** ("**TV3**"): A black Dodge Caliber with Washington State License BWB6372, more particularly described in Attachment A.

7.     For **TR1 and TR2**, authority to search extends to all parts of the property, including main structure, garage(s), storage structures, outbuildings, and curtilage, and all vehicles, containers, compartments, or safes located on the property, whether locked or not, where the items described in Attachment B (list of items to be seized) could be found.

8.     As set forth below, there is probable cause to believe that both residences and the vehicles located at them are being used in furtherance of a crime by a Drug Trafficking Organization (DTO), which is moving heroin and possibly other drugs in violation of Title 21, United States Code Sections 841(a)(1), 843 and 846.

9.     The information contained in this affidavit is based upon knowledge I gained from my investigation, my personal observations, my training and experience, as well as information related to me by other detectives, police officers, and/or federal agents through oral and written reports.

10.   This affidavit is for the limited purposes of demonstrating probable cause. Therefore, I have not set forth each and every fact I have learned during this investigation, but only those facts and circumstances necessary to establish probable cause.

Affidavit of SA McPherson – 3
USAO 2020R01188

UNITED STATES ATTORNEY
700 Stewart Street, Suite 300
Seattle, Washington 98101
(206) 553-7970

## SUMMARY OF PROBABLE CAUSE

11.    In early October of 2020, HSI Seattle initiated an investigation into a Transnational Criminal Organization trafficking heroin, fentanyl and methamphetamine into the Washington area.  The investigation identified Juan Garcia SOTO, and Valente Acosta CASIANO as local narcotics couriers based out of Lakewood, Washington. Tracker warrants for SOTO's vehicles (**TV2** and **TV3**) were granted and surveillance of SOTO and CASIANO was initiated.

February 4, 2021 Narcotics transaction in by SOTO in **TV2**

12.    On February 4, 2021, I contacted Detective Ejde with Bremerton Police to advise him that, according to tracking data, **TV2** was heading North towards Bremerton, Washington, and requested assistance with surveillance.

13.    At approx. 3:00 pm I met with Detective Ejde as **TV2** travelled North into Bremerton.  I followed **TV2** to the Red Apple located at 6724 Kitsap Way #1740, Bremerton, WA 98312.  I watched as **TV2** met with a grey Honda Accord with WA plates BVN4833 registered to Joseph Allen.  I observed as an individual, later identified as Joseph ALLEN, got into the front passenger seat of **TV2**.  After approximately ten minutes, ALLEN got out of **TV2** and returned to his vehicle.  **TV2** then drove over and parked next to ALLEN's vehicle and ALLEN got back in **TV2**.  I was about 15 feet from **TV2** and was able to see what appeared to be money being counted.  ALLEN then got out of **TV2** and the vehicles departed in opposite directions.  I advised Detective Ejde what I had observed, and he stated that ALLEN is a known drug dealer in the Bremerton area that a search warrant for ALLEN's residence had already been obtained to search for narcotics.

14.    In a post-arrest interview, ALLEN admitted he had purchased heroin during the transaction described above.  ALLEN identified as SOTO as a person from whom he regularly purchased narcotics and stated that SOTO always drove either **TV2** or **TV3** during these  transactions.

AFFIDAVIT OF SA MCPHERSON – 4
USAO 2020R01188

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 300
SEATTLE, WASHINGTON 98101
(206) 553-7970

February 20-22, 2021 SOTO drives to Los Angeles in **TV3** and engages in possible narcotics transaction

15.    On February 20, 2021 **TV3** travelled to East Los Angeles, leaving the Bremerton area at about 4:30 a.m. and arriving in East Los Angeles at about 1:00 a.m.

16.    On February 21, 2021, at approx. 8:30 a.m., Detective Jake Slechta from Anaheim Police, and his team, located **TV3** and observed two Hispanic males leave their hotel and enter **TV3**.  I sent Det. Slechta a picture of Juan Garcia SOTO and Valente Acosta CASIANO and he identified one of the males at SOTO.  Det. Slechta stated that the second male resembled CASIANO but was unable to make a positive identification. Det. Slechta conducted surveillance on **TV3** with his team as **TV3** travelled around East Los Angeles stopping at various locations to conduct what appeared to Det. Slechta as unrelated business.  At approx. 12:49 p.m. **TV3** arrived in a CVS parking lot located at 3800 Martin Luther King Blvd, Lynwood, California.  The passenger of **TV3** exited the vehicle and an unknown Hispanic male handed a bag to the passenger of **TV3**. The bag was then loaded in the rear of **TV3** and **TV3** departed the CVS parking lot.  **TV3** then began moving North towards Interstate 5 and began the return trip to Washington.

17.    On February 22, 2021, I followed **TV3** as it drove North on Interstate-5 near Exit 95 in Washington.  I was able to observe **TV3** had two Hispanic males in the vehicle and was able to identify the passenger as SOTO.  I was not able to see the driver clearly, but the driver resembled CASIANO.  **TV3** drove directly to a small red house located at 4612 111th St. SW #3, Lakewood, Washington (**TR2**), and unloaded the passenger.  **TV3** then drove across the street to 4619 111th St. SW (**TR1**) and parked. Another agent posted nearby was able to take pictures.  One of the pictures (below) shows SOTO unloading a large paper bag into his house.  I sent that picture to Det. Slechta and he identified the bag as being similar to the bag he observed being handed to the passenger in the parking lot of the CVS in California.

//

//

Affidavit of SA McPherson – 5
USAO 2020R01188

UNITED STATES ATTORNEY
700 Stewart Street, Suite 300
Seattle, Washington 98101
(206) 553-7970



March 2021 Controlled buy of heroin from Juan Garcia SOTO using **TV3**

18.     In early March 2021, the dates of which are intentionally vague to protect the identity of the CS, a planned controlled buy of heroin from SOTO was initiated through CS1. [12]   CS1 contacted an individual known as "Carlos" via text message on a Mexico based phone number identified as +52 (613) 128-8863 and requested one "piece of food" ("food" was the code word CS1 used for heroin).   Carlos replied "Yes my friend is fine there 1 pm. How much pieces."   CS1 stated he/she only needed one to which Carlos replied "Ok my friend. Same car."   I believe "same car" to be a reference to previous narcotics purchases between CS1 and Carlos and the vehicle to be **TV3.**   Carlos later sent CS1 a text message with the address 8534 S Tacoma Way and stated his cousin

[1] CS1 has a criminal history of two Gross Misdemeanors for Theft-3 in 2016 in Kitsap County.  CS1 is currently signed as a cooperating subject for Bremerton Police Department and is under contract to provide information in exchange for reduced charges of narcotics possession and distribution.

[2] CS1 arrived at this controlled buy and was searched prior to conducting the buy.  HSI agents McPherson and Hardin-Pineda located heroin and methamphetamine in CS1's backpack.  CS1 claimed the narcotics as his/hers and stated that he/she was an addict who was trying to quit.  CS1 was advised that he/she could not retain possession of the narcotics, CS1 did not appear to be under the influence of narcotics at the time of the operation.  Additionally, CS1 was offered advice on how to legally get treatment for his/her addiction.  The narcotics were seized by SA McPherson.

1  would be at that location at 1:00 p.m.  Prior to the meeting, I supplied CS1 with $800

2  dollars in pre-recorded buy funds to conduct the controlled purchase of heroin.

3      19.    At approximately 1:00 p.m. on the same day in early March, I along with

4  other agents from HSI and plain clothes officers from Tacoma Police Department

5  escorted CS1 to the pre-established meeting location.  Just prior to 1:00 p.m., I observed,

6  from GPS vehicle tracking information, **TV3** depart from 4619 111th St SW, Lakewood,

7  Washington, and begin to travel towards the meeting location.  Officers and agents

8  already at the meet location observed **TV3** arrive at the meet location at 1:00 p.m.  **TV3**

9  was occupied by two Hispanic males.  One male was positively identified as Juan Garcia

10  SOTO, based on photographs I provided of his Visa application, and the other male was

11  unknown and not identified at the time of the buy.

12      20.    CS1 arrived shortly after 1:00 p.m. and parked next to **TV3**.  CS1 got into

13  the rear passenger seat of **TV3** and under surveillance conducted the purchase of 27.4

14  grams heroin.  CS1 then returned to his/her vehicle and drove to a pre-established

15  location where I met with him/her and seized the heroin from the transaction.  The heroin

16  was vacuum sealed and had a yellow powder surrounding it inside the vacuum sealed

17  bag.  I used a Narcotics Testing Kit with Mecke's Reagent to confirm the narcotics were

18  heroin.  CS1 was searched and his/her vehicle was also searched.  CS1 did not have any

19  additional narcotics or currency in his/her possession and CS1 departed the area.

20      21.    Officer Joe Mettler, Tacoma PD, was able to take the photo below showing

21  SOTO in **TV3** at the meeting location several minutes prior to the arrival of CS1.

22  //

23  //

24  //

25  //

26  //

27  //

28  //

AFFIDAVIT OF SA MCPHERSON – 7
USAO 2020R01188

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 300
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17



18
     22.     Following the controlled buy, I reviewed the GPS vehicle tracker

19 information and discovered that at 12:35 p.m. **TV3** travelled to **TR2** and several minutes

20 later departed back to **TR1**.  **TV3** then travelled around the Lakewood, Washington, area

21 briefly and then returned to **TR1**.  At approx. 1:35p.m. **TV3** departed **TR1** and drove

22 directly to the location of the controlled buy with CS1.  **TV3** then continued driving

23 around the greater Tacoma area before eventually making a trip into the Bremerton area.

24 Based off past physical surveillance conducted, I believe the trip to Bremerton was also a

25 narcotics delivery conducted by Juan Garcia SOTO and Valente Acosta CASIANO.  I

26 also reviewed video from the controlled buy.  I was able to positively identify SOTO as

27 the passenger, and though I could not positively identify the driver, I believe the driver

28 closely resembled CASIANO. Based off the video I believe the driver was CASIANO.

AFFIDAVIT OF SA MCPHERSON – 8
USAO 2020R01188

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 300
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   March 14, 2021 Surveilled Trip to Port Angeles of **TV3**

2   23.   On March 14, 2021, I conducted mobile physical surveillance of **TV3** as it

3   drove to Port Angeles, Washington.  **TV3** drove without stopping to Seven Cedars

4   Casino near Port Angeles, WA.  **TV3** then parked and I observed SOTO get out of the

5   passenger seat and CASIANO get out of the driver's seat.  Both men seemed to be

6   waiting in the parking lot of the gas station attached to Seven Cedars Casino.  After some

7   time, **TV3** moved to the casino parking lot and then back to the gas station.  During this

8   time, it appeared that SOTO and CASIANO were looking for something.

9   24.   After arriving at the gas station, a vehicle driven by Earl OTIS Jr., a

10  suspected drug dealer in the Port Angeles area, arrived at the gas station and parked next

11  to **TV3**.  I observed OTIS yell something to **TV3** and then both vehicles departed the gas

12  station and drove East on Hwy 101 for approximately a quarter mile to a logging road.

13  Both vehicles turned up the logging road and due to the remote nature of the road and not

14  wanting to appear suspicious, physical surveillance was not able to be conducted of the

15  meeting.  After several minutes, both vehicles left the logging road, with **TV3** travelling

16  East and the vehicle driven by OTIS travelling West on Hwy 101.  I believe, based on

17  previous surveillance of SOTO and CASIANO, and previous surveillance of SOTO and

18  OTIS, that this was a narcotics delivery from SOTO and CASIANO to Earl OTIS Jr.  I

19  also know through training and experience as well as conversations with other narcotics

20  investigators that short meetings like this conducted outside of view from the public are

21  often times narcotics transactions.

22  March 16-18, 2021 **TV3** Travels to Los Angeles, California for Possible Narcotics
23  Transaction

24  On March 16, 2021 vehicle GPS information showed **TV3** travelling South on Interstate

25  5 leaving the Tacoma area. **TV3** departed **TR1** at 7:50 p.m. and drove through the night

    without stopping and arrived in the East Los Angeles area at approx. 5:15 p.m. **TV3**
26
    travelled to a residential area in Lynwood, California, where it made a very brief stop.
27
    **TV3** then drove to the Chino, California, area where it stopped for approximately a half
28
    hour at a Mexican food restaurant before departing at 10:10 p.m. and beginning to drive

AFFIDAVIT OF SA MCPHERSON – 9
USAO 2020R01188

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 300
SEATTLE, WASHINGTON 98101
(206) 553-7970

back North to on I-5, presumably returning to the Washington area. **TV3** did not appear to stop at any hotel or rest area for any substantial period. After **TV3** departed from **TR1**, surveillance observed SOTO at **TR1,** therefore I believe that **TV3** is likely being driven by CASIANO.

25.    I know based on my training and conversations with other narcotics investigators that trips like this are indicative of picking up narcotics.

Connection between **TR1** and SOTO

26.    Juan GARCIA SOTO has two vehicles registered to **TR1**. **TV3** and a 2004 gold Nissan Quest Minivan WA plates BWX8950. Additionally, surveillance has shown GARCIA SOTO to return to **TR1** at night and depart from **TR1** in the morning.

Connection between **TR2** and CASIANO

27.    Valente ACOSTA CASIANO has five vehicles registered to **TR2.** The vehicles are a 2001 Silver Nissan Altima WA BVK3790, a 2006 Silver Kia Spectre WA BUW2834, a 2006 Nissan Sentra WA BUL9372, a 2002 Toyota Carolla WABSU5923, and a 1995 GMC Vandura Van WA C49411N. Additionally, surveillance has shown CASIANO to return to **TR2** at night and depart from **TR2** in the morning.

## TACTICS USED BY DRUG TRAFFICKERS

28.    Based upon my training, experience, and participation in this and other investigations involving drug trafficking, my conversations with other experienced investigators and law enforcement investigators with whom I work, and interviews of individuals who have been involved in the trafficking of methamphetamine, heroin, cocaine and other drugs, I have learned and know the following.

29.    Drug traffickers often use "stash houses" to conceal their illegal activities and contraband. Such stash houses allow drug traffickers to keep their contraband at a hidden location, where they may not live, thereby making it more difficult for law enforcement and/or competitors to identify these locations where drugs and drug proceeds may be hidden.

AFFIDAVIT OF SA MCPHERSON – 10
USAO 2020R01188

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 300
SEATTLE, WASHINGTON 98101
(206) 553-7970

30.     It is common for drug traffickers to hide proceeds of illegal drug sales and records of illegal drug transactions in secure locations within their residences, stash houses, storage units, garages, outbuildings and/or vehicles on the property for their ready access and to conceal them from law enforcement authorities.

31.     It is common to find papers, letters, billings, documents, and other writings, which show ownership, dominion, and control of businesses, residences, and/or vehicles in the residences, stash houses, storage units, garages, outbuildings and/or vehicles of drug traffickers.  Items of personal property that tend to identify the persons in residence, occupancy, control, or ownership of the premises also include canceled mail, deeds, leases, rental agreements, photographs, personal telephone books, diaries, utility and telephone bills, statements, identification documents, keys, financial papers, rental receipts and property ownership papers, personal and business telephone and address books and telephone toll records, and other personal papers or identification cards in the names of subjects involved in the criminal activity being investigated.

32.     Drug traffickers frequently amass large amounts of proceeds, in the form of cash, from the illegal sale of drugs that they attempt to legitimize or "launder."  To accomplish this goal, drug traffickers use financial institutions and their attendant services, securities, cashier's checks, safe deposit boxes, money drafts, real estate, shell operations, and business fronts.  Persons involved in drug trafficking and/or money laundering keep papers relating to these activities for future reference, including federal and state tax records, loan records, mortgages, deeds, titles, certificates of ownership, records regarding investments and securities, safe deposit box rental records and keys, and photographs.  I know from my training and experience that often items of value are concealed by persons involved in large-scale drug trafficking inside of safes, lock boxes, and other secure locations within their residences, outbuildings, and vehicles.

33.     Drug traffickers often place assets in names other than their own to avoid detection by investigative/police agencies, and even though these assets are in the names

AFFIDAVIT OF SA MCPHERSON – 11
USAO 2020R01188

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 300
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  of other individuals or businesses, the drug traffickers actually own and continue to use

2  these assets and exercise dominion and control over them.

3      34.   Drug traffickers often document aspects of their criminal conduct through

4  photographs or videos of themselves, their associates, their property, and their products,

5  including drugs and drug proceeds.  Drug traffickers usually maintain these photographs

6  or videos in their possession.

7      35.   Drug traffickers often maintain large amounts of U.S. currency in order to

8  maintain and finance their ongoing illegal drug trafficking business.  Often, drug

9  traffickers from other countries operating in the United States use wire remitters and bulk

10  cash transfers to transfer currency to co-conspirators living in other states or countries.

11      36.   Drug traffickers commonly have firearms and other weapons in their

12  possession, on their person, and at their residences and/or in their storage units, which

13  they use to protect and secure their property.

14      37.   Drug traffickers use mobile electronic devices, including cellular

15  telephones and other wireless communication devices, to conduct their illegal activities.

16  For example, traffickers of controlled substances commonly maintain records of

17  addresses, vehicles, or telephone numbers that reflect names, addresses, vehicles, and/or

18  telephone numbers of their suppliers, customers and associates in the trafficking

19  organization.  It is common to find drug traffickers keeping such records of associates in

20  cellular telephones and other electronic devices.  Drug traffickers frequently change their

21  cellular telephone numbers to avoid detection by law enforcement, and it is common for

22  drug traffickers to use more than one cellular telephone at any one time.

23      38.   Drug traffickers use cellular telephones to maintain contact with their

24  suppliers, distributors, and customers.  They prefer cellular telephones because, first, they

25  can be purchased without the location and personal information that landlines require.

26  Second, they can be easily carried to permit the user maximum flexibility in meeting

27  associates, avoiding police surveillance, and traveling to obtain or distribute drugs.

28  Third, they can be passed between members of a drug conspiracy to allow substitution

AFFIDAVIT OF SA MCPHERSON – 12
USAO 2020R01188

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 300
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    when one member leaves the area temporarily.  Since the use of cellular telephones
2    became widespread, every drug trafficker with which I have interacted has used one or
3    more cellular telephones for his or her drug business.  I also know that it is common for
4    drug traffickers to retain in their possession cellular phones that they previously used, but
5    have deactivated or discontinued using.  Based on my training and experience, the data
6    maintained in a cellular telephone used by a drug trafficker is often evidence of a crime
7    or crimes.  This includes the following:

8          a.    The assigned number to the cellular telephone (known as the mobile
9    directory number or MDN), and the identifying telephone serial number (Electronic
10   Serial Number, or ESN), (Mobile Identification Number, or MIN), (International Mobile
11   Subscriber Identity, or IMSI), or (International Mobile Equipment Identity, or IMEI) are
12   important evidence because they reveal the service provider, allow us to obtain subscriber
13   information, and uniquely identify the telephone.  This information can be used to obtain
14   toll records, to identify contacts by this telephone with other cellular telephones used by
15   co-conspirators, to identify other telephones used by the same subscriber or purchased as
16   part of a package, and to confirm if the telephone was contacted by a cooperating source.

17         b.    The stored list of recent received calls and sent calls is important
18   evidence.  It identifies telephones recently in contact with the telephone user. This is
19   valuable information in a drug investigation because it will identify telephones used by
20   other members of the organization, such as suppliers, distributors and customers, and it
21   confirms the date and time of contacts. If the user is under surveillance, it identifies what
22   number he called during or around the time of a drug transaction or surveilled meeting.
23   Even if a contact involves a telephone user not part of the conspiracy, the information is
24   helpful (and thus is evidence) because it leads to friends and associates of the user who
25   can identify the user, help locate the user, and provide information about the user.
26   Identifying a defendant's law-abiding friends is often just as useful as identifying his
27   drug-trafficking associates.

28

AFFIDAVIT OF SA MCPHERSON – 13
USAO 2020R01188

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 300
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    c. Stored text messages are important evidence, similar to stored

2 numbers.  Agents can identify both drug associates, and friends of the user who likely

3 have helpful information about the user, his location, and his activities.

4    d. Photographs on a cellular telephone are evidence because they help

5 identify the user, either through his or her own picture, or through pictures of friends,

6 family, and associates that can identify the user.  Pictures also identify associates likely to

7 be members of the drug trafficking organization.  Some drug traffickers photograph

8 groups of associates, sometimes posing with weapons and showing identifiable gang

9 signs.  Also, digital photos often have embedded "geocode" information within them.

10 Geocode information is typically the longitude and latitude where the photo was taken.

11 Showing where the photo was taken can have evidentiary value.  This location

12 information is helpful because, for example, it can show where coconspirators meet,

13 where they travel, and where assets might be located.

14    e. Stored address records are important evidence because they show the

15 user's close associates and family members, and they contain names and nicknames

16 connected to phone numbers that can be used to identify suspects.

17  39. It is common for drug traffickers to possess drugs, drug paraphernalia, and

18 other items which are associated with the sale and use of controlled substances such as

19 scales, containers, cutting agents, and packaging materials in their residences, stash

20 houses, storage units, garages, outbuildings or vehicles on their property.

21  40. Drug traffickers frequently try to conceal their identities by using

22 fraudulent names and identification cards.  Once identities have been created or stolen

23 from other citizens, drug traffickers use those identifications to falsify records such as

24 Department of Licensing records and phone records for the purpose of theft of services

25 and to evade detection by law enforcement.

26  41. It is a common practice for drug traffickers to maintain records relating to

27 their drug trafficking activities in their residences, stash houses, storage units, garages,

28 outbuildings and/or vehicles.  Because drug traffickers in many instances will "front"

AFFIDAVIT OF SA MCPHERSON – 14
USAO 2020R01188

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 300
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   (that is, sell on consignment) controlled substances to their associates, or alternatively,

2   will be "fronted" these items from their suppliers, such record keeping is necessary to

3   keep track of amounts paid and owed, and such records will also be maintained close at

4   hand so as to readily ascertain current balances.  These records include "pay and owe"

5   records to show balances due for drugs sold in the past (pay) and for payments expected

6   (owe) as to the trafficker's suppliers and distributors, telephone and address listings of

7   clients and suppliers, and records of drug proceeds.  These records are commonly kept for

8   an extended period.

9        42.    Drug traffickers maintain books, records, receipts, notes, ledgers, airline

10  tickets, money orders, and other papers relating to the transportation and distribution of

11  controlled substances.  These documents whether in physical or electronic form, are

12  maintained where the traffickers have ready access to them.  These documents include

13  travel records, receipts, airline tickets, auto rental agreements, invoices, and other

14  memorandum disclosing acquisition of assets and personal or business expenses.  I also

15  know that such records are frequently maintained in drugs traffickers' residences, stash

16  houses, storage units, garages, outbuildings and/or vehicles.

17                    **SEIZURE OF DIGITAL DEVICES**

18       43.    Because law enforcement believes that multiple people might be sharing

19  **TR1** and **TR2**, it is possible that **TR1** and **TR2** will contain digital devices or other

20  electronic storage media predominantly used, and perhaps owned, by persons not

21  suspected of a crime.  Investigators conducting the search will seize only those devices

22  and media which they have probable cause to believe may contain evidence, fruits, and

23  instrumentalities of violations of 21 U.S.C. §§ 841(a) and 18 U.S.C. § 2 that are currently

24  being investigated.

25                         **CONCLUSION**

26       44.    Based on the information set forth herein, there is probable cause to search

27  **TR1** and **TR2** and **TV2** and **TV33** as further described in Attachment A, for evidence,

28  fruits, and instrumentalities, as further described in Attachment B, of Distribution and/or

AFFIDAVIT OF SA MCPHERSON – 15
USAO 2020R01188

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 300
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Possession of Controlled Substances with Intent to Distribute in violation of 21 U.S.C.

2  § 841(a)(1), and Conspiracy to Distribute Controlled Substances in violation of Title 21,

3  United States Code, Section 846.

4      45.    This warrant is being submitted via reliable electronic means.  Fed. R.

5  Crim. P. 4.1 & 41(d)(3).

6

7  _____

8  RORY M. MCPHERSON, Affiant
   Special Agent

9  Homeland Security Investigation

10

11

12     The above-named agent provided a sworn statement attesting to the truth of the

13  contents of the foregoing affidavit by telephone on the 18th day of March, 2021.

14

15

16  _____

   J. RICHARD CREATURA

17  United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

AFFIDAVIT OF SA MCPHERSON – 16
USAO 2020R01188

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 300
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# ATTACHMENT A

# PROPERTY TO BE SEARCHED

The areas to be searched includes all areas at that location where the Items to Be Seized, listed in Attachment B, could be found.

For physical locations, this includes all areas within and surrounding the primary residence/location, including all rooms, attics, crawlspaces, basements, storage areas, containers, surrounding grounds, garages, carports, trash areas/containers, outbuilding, patios, balconies, yards, secure locations (such as safes), vehicles located on or in the premises, and any persons located within said property or within the residence/location described below.

For vehicles to be searched, this includes all areas of the vehicle, all compartments, and all containers within that vehicle, whether locked or not.

Investigators conducting the search may seize only those devices and media which they have probable cause to believe may contain evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 841(a) and 18 U.S.C. § 2 that are currently being investigated.

ATTACHMENT A
Page - 1
USAO 2020R01188

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

**Residences**

2  **Target Residence 1 (TR1):** A residence located at 4**619 111th St SW, Lakewood,**

3  **WA 98499**.  **TR1** is duplex residence in Lakewood, Washington. The door of the **TR1**

4  is white and faces South.  There is a dividing fence off the back of the duplex that

5  separates a small yard between the conjoined residences.

6

7  

ATTACHMENT A
Page - 2
USAO 2020R01188

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   **Target Residence 2 (TR2):** A residence located at **4612 111th St. SW Unit #3,**

2   **Lakewood, WA 98499**.  **TR2** is a single-family residence in Lakewood, Washington

3   that is on a lot with two additional, unrelated residences.  **TR2** is red in color with a

4   white door that faces West.

5

6

7

8

9

10

11   

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## Vehicles

2

3  **Target Vehicle 2 (TV2):** The vehicle to be searched is a **2005 white Chrysler 300,**

4  **Washington State license BGL7445** registered to Erika Baza Mejia 10911 47th Ave

5  SW, Lakewood, WA 98499.

6

7  **Target Vehicle 3 (TV3):** The vehicle to be searched is a **black Dodge Caliber,**

   **Washington State license plate BWB6372.**  **TV3** is registered to Juan Othon Garcia

8  SOTO at 4619 111th St. SW, Lakewood, WA 98499.

9

10

11

12

13

14

15

16

17

18

19

20

21



22

23

24

25

26

27

28

**ATTACHMENT B**

**(ITEMS TO BE SEARCHED AND SEIZED)**

This warrant authorizes the government to search for the following evidence, fruits, and/or instrumentalities of Distribution and/or Possession of Controlled Substances with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1), and Conspiracy to Distribute Controlled Substances in violation of Title 21, United States Code, Section 846:

1.      Controlled Substances and controlled substance analogues.

2.      Drug Paraphernalia and Instruments of Drug Trafficking: Items used, or to be used, to store, process, package, use, and/or distribute controlled substances; plastic bags, cutting agents, scales, measuring equipment, tape, hockey or duffel bags, chemicals or items used to test the purity and/or quality of controlled substances.

3.      Drug Transaction Records:  Documents such as ledgers, receipts, and notes relating to the acquisition, transportation, and distribution of controlled substances, however stored, including in digital devices.

4.      Customer and Supplier Information:  Items identifying drug customers and drug suppliers, such as telephone records, personal address books, correspondence, diaries, calendars, notes with phone numbers and names, "pay/owe sheets" with drug amounts and prices, and maps or directions.

5.      Cash and Financial Records:  Currency and financial records, such as bank records, safe deposit box records and keys, credit card records, bills, receipts, tax returns, and vehicle documents; records that show income and expenditures, net worth, money transfers, wire transmittals, negotiable instruments, bank drafts, and cashier's checks.

6.      Photographs/Video:  Photographs, video tapes, digital cameras, surveillance cameras, and associated hardware/storage devices depicting property occupants, friends and relatives of the property occupants, or suspected buyers or sellers of controlled substances, controlled substances or other contraband, weapons, and assets derived from the distribution of controlled substances.

7.      Weapons, including firearms, magazines, ammunition, and body armor.

8.      Codes:  Evidence of codes used in the distribution of controlled substances, such as passwords, code books, cypher or decryption keys.

ATTACHMENT B
Page 1 of 4
USAO 2019R01188

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

9.      Property Records:  Deeds, contracts, escrow documents, mortgage documents, rental documents, and other evidence relating to the purchase, ownership, rental, income, expenses, or control of the Target Residence, and similar records of other property owned or rented.

10.      Indicia of occupancy, residency, and/or ownership of assets such as utility and telephone bills, canceled envelopes, rental records or payment receipts, leases, and mortgage statements.

11.      Evidence of storage unit rental or access such as rental and payment records, keys and codes, pamphlets, contracts, contact information, directions, and passwords.

12.      Evidence of Personal Property Ownership:  Registration information, ownership documents, or other evidence of ownership of personal property such as vehicles, vessels, boats, airplanes, jet skis, all-terrain vehicles, RVs, and jewelry; evidence of international or domestic travel, hotel stays, and other evidence of unexplained wealth.

13.      Individual and business financial books, records, receipts, notes, ledgers, diaries, journals, and all records relating to income, profit, expenditures, or losses, such as:

a.      Employment records:  paychecks or stubs, lists and accounts of employee payrolls, records of employment tax withholdings and contributions, dividends, stock certificates, and compensation to officers.

b.      Savings accounts:  statements, ledger cards, deposit tickets, register records, wire transfer records, correspondence, and withdrawal slips.

c.      Checking accounts:  statements, canceled checks, deposit tickets, credit/debit documents, wire transfer documents, correspondence, and register records.

d.      Loan Accounts:  financial statements and loan applications for all loans applied for, notes, loan repayment records, and mortgage loan records.

e.      Collection account statements and other-related records.

f.      Certificates of deposit:  applications, purchase documents, and statements of accounts.

g.      Credit card accounts:  credit cards, monthly statements, and receipts of use.

h.      Receipts and records related to gambling wins and losses, or any other contest winnings.

i.      Insurance:  policies, statements, bills, and claim-related documents.

j.      Financial records:  profit and loss statements, financial statements, receipts, balance sheets, accounting work papers, any receipts showing purchases made,

ATTACHMENT B
Page 2 of 4
USAO 2019R01188

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

both business and personal, receipts showing charitable contributions, and income and expense ledgers.

14.     All bearer bonds, letters of credit, money drafts, money orders, cashier's checks, travelers checks, Treasury checks, bank checks, passbooks, bank drafts, money wrappers, stored value cards, and other forms of financial remuneration evidencing the obtaining, secreting, transfer, and/or concealment of assets and/or expenditures of money.

15.     All Western Union and/or Money Gram documents and other financial documents evidencing domestic or international wire transfers, money orders, official checks, cashier's checks, or other negotiable interests that can be purchased with cash, including applications, payment records, money orders, and frequent customer cards.

16.     Negotiable instruments, jewelry, precious metals, and financial instruments.

17.     Documents reflecting the source, receipt, transfer, control, ownership, and disposition of United States and/or foreign currency.

18.     Correspondence, papers, records, and any other items showing employment or lack of employment.

19.     Phone books, address books, any papers or documents reflecting names, addresses, telephone numbers, pager numbers, cellular telephone numbers, facsimile, and/or telex numbers, telephone records and bills relating to co-conspirators, sources of supply, customers, financial institutions, and other individuals or businesses with whom a financial relationship exists; telephone answering devices that record telephone conversations and the tapes therein for messages left for or by co-conspirators for the delivery or purchase of controlled substances or laundering of drug proceeds.

20.     Safes and locked storage containers, and the contents thereof which are otherwise described in this document.

21.     Tools that may be used to open hidden compartments in vehicles, such as paint, bonding agents, magnets, or other items that may be used to open/close said compartments.

22.     Digital computing devices, *e.g.*, desktop and laptop computers and table devices; digital storage devices, *e.g.,* external hard drives and USB thumb drives, and; optical and magnetic storage media, *e.g.,* Blue Ray discs, DVDs and CDs.

23.     Pill press machine, encapsulating machine, and other tools or equipment used to manufacture pills

24.     Cell Phones and other digital communication devices for evidence, fruits, and/or instrumentalities of the above-referenced crimes, specifically:

a.     Assigned number and identifying telephone serial number (ESN, MIN, IMSI, or IMEI);

b.     Stored list of recent received, sent, or missed calls;

c.     Stored contact information;

d.     Stored photographs and videos of narcotics, currency, financial records (such as deposit slips and other bank records), RVs and other vehicles, firearms or other weapons, evidence of the aforementioned crimes of investigation, and/or that may show the user of the phone and/or coconspirators, including any embedded GPS data associated with these photographs; and

e.     Stored text messages that are evidence of the above-listed federal crimes or that may identify the user of the seized phones and/or coconspirators, including messages sent via messaging apps, including Wickr, Signal, WhatsApp, and Telegram, or other similar messaging services where the data is stored on the telephone

ATTACHMENT B
Page 4 of 4
USAO 2019R01188

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970